# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-663-JDR-MTS

NATHANIEL KEELY; ANITA KEELY,

*Plaintiffs,*

*versus*

STATE FARM FIRE AND CASUALTY COMPANY; DAVID MERRIMAN INSURANCE AGENCY, INC.; DAVID MERRIMAN,

*Defendants.*

## OPINION AND ORDER

After their home was damaged by a tornado, Plaintiffs Nathaniel and Anita Keely reported the loss to their insurer, Defendant State Farm Fire and Casualty Company. When State Farm concluded that the damages to the Keelys' home were the result of preexisting issues, defective construction, defective materials, or wear and tear, the Keelys sued State Farm, its agent David Merriman, and the David Merriman Insurance Agency in state court. State Farm removed the action to this Court, arguing that there is complete diversity between the Keelys and State Farm, that Mr. Merriman and the Agency were fraudulently joined, and that the citizenship of those Defendants should be disregarded for diversity purposes. The Keelys moved to remand the case to state court, opposing State Farm's fraudulent joinder arguments and maintaining the legitimacy of their claims [Dkt. 22]. The Court finds that Mr. Merriman and the Agency are fraudulently joined, and the Court denies the Keelys' motion to remand.

No. 25-cv-663

The following facts are accepted as true for purposes of this opinion:[1] Plaintiffs Nathaniel and Anita Keely own a home in Rogers County, Oklahoma, that carries great sentimental value. To protect their home, they purchased an insurance policy from State Farm through David Merriman and the David Merriman Insurance Agency. Plaintiffs specifically requested coverage that would fully repair or replace their home in the event of a loss. They purchased a replacement-cost policy from Defendants, and they believed, based on their interactions with the Agency, that the policy they purchased would repair or replace any property damage caused by a tornado.

The Keelys' home was struck by a tornado in May 2025. State Farm hired an engineering firm to assess the home's condition. Ultimately, that firm issued an opinion that there was "no damage 'due to wind forces' and that all the significant and/or structural damage was caused by things like pre-existing damage or defects, defective construction, defective materials, or wear and tear." Dkt. 2-3 at ¶ 40. The Keelys hired their own consultant, who estimated that it would cost over $600,000 to repair the damage caused by the tornado.

The Keelys sued State Farm for breaching the insurance contract, violating its duty of good faith and fair dealing, and fraud. They also sued Mr. Merriman and the Merriman Insurance Agency for breach of contract, negligent procurement, and fraud. The Keelys allege that they contracted Mr. Merriman and the Agency to provide coverage of a particular breadth—namely, a policy that would cover the repair or replacement of their home in the event of a covered loss. They allege that the Agency breached its promise to procure the requested coverage (or negligently failed to procure that coverage) by failing to ensure the Keelys' home satisfied State Farm's

---

[1] See Flowers v. EZPawn Oklahoma, Inc., 307 F. Supp. 2d 1191, 1206 (N.D. Okla. 2004) (recognizing that the court must "take the allegations as true for purposes of the motion to remand").

No. 25-cv-663

underwriting guidelines, failing to properly determine whether any exclusions were present at the time the policy was issued or renewed, failing to accurately determine the amount of coverage that would be necessary to repair their home in the event of a loss, and failing to determine whether the coverage provided by the Keelys' policy would satisfy the Keelys' need to cover the costs of the repair or replacement of their home. They further allege that the Agency committed fraud when it represented that the Keelys' policy would provide the coverage the Keelys needed, that their home met State Farm's eligibility and underwriting guidelines, that the coverage and premiums were based on accurate assessments of the home, and that the annual premium increases were necessary to maintain the coverage the Keelys needed and requested.

State Farm argues that these allegations do not make out a viable cause of action under Oklahoma law and that, as a result, Mr. Merriman and the Agency are fraudulently joined. The Court agrees. The allegations and theories of recovery asserted by the Keelys are strikingly similar to—and, in some cases, identical to—those asserted in another dispute before this Court, *Layer v. State Farm.*[2] In that case, the plaintiffs asserted claims for breach of contract, negligent procurement, and fraud against the agent and agency that helped them procure their homeowner's insurance policy. *See Layer v. State Farm Fire & Cas. Co.*, No. 25-cv-401-JDR-MTS, 2026 WL 265805, at *1 (N.D. Okla. Feb. 2, 2026). Both the plaintiffs and the agent-defendants were citizens of Oklahoma, which would ordinarily preclude the exercise of federal jurisdiction. *See* 28 U.S.C. § 1332; *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (setting forth the complete diversity requirement).

---

[2] The Keelys' amended petition is, in large part, a word-for-word duplicate of the *Layer* petition. The Court noted some deviations including, for example, paragraphs 10, 19-21, 22, 33-35, 39, 42-45, 50-52, 57, 65-67, 84-87, 93-94, 96-97, and 101-102. Neither these nor any other differences in the Keelys' pleading render their claims meaningfully distinguishable from those asserted in *Layer*.

No. 25-cv-663

Nevertheless, the Court concluded that the citizenship of the agent and agency could be disregarded. *Layer*, 2026 WL 265805, at *2-*3. The Court held that, while opinions on the issue were "far from uniform," Oklahoma would not countenance claims for breach of contract or negligent procurement against insurance agents or agencies where a plaintiff requests and obtains a replacement-value policy but later challenges the sufficiency of the policy because some or all of his losses are ultimately excluded from coverage. *Id.* (noting the absence of any Oklahoma precedent permitting an insured to recover for an agent's failure to inspect a home, identify exclusions, or determine whether an insurance policy meets the insured's needs). The Court further held that a plaintiff could not state a viable fraud claim based on an agency's purportedly false statements when those statements did not prevent the plaintiff from receiving the precise policy they requested. *Id.* at *3-*4.

The Court sees no basis to depart from its holding in *Layer*. The Keelys, like the *Layer* plaintiffs, assert that Mr. Merriman and the Agency failed to ensure that their home satisfied underwriting conditions, determine whether any policy exclusions applied, determine the home's condition, or determine whether the Keelys' policy met their insurance needs. But the Keelys have pointed to no Oklahoma case law requiring insurance agents to perform these functions.[3] *Cf. id.* at *2. Furthermore, the Keelys' allegations establish that Mr. Merriman and the Agency procured the precise policy the Keelys requested. Under these circumstances, Mr. Merriman and the Agency cannot be liable for breach of contract or negligent procurement. Similarly,

---

[3] The likely reason the Oklahoma courts have not imposed these requirements on insurance agents is that the agents are not in the best position to perform these functions. If the burden the Keelys would have this Court impose existed, an insurance agent would be obligated to perform a substantial inspection of the insured premises before issuing the policy and every renewal. And many of the potential policy exclusions would likely involve specialized knowledge, such as structural engineering, building design, and knowledge of electrical and plumbing design, among others. The agent is not in the best position to examine the insured premises and predict what may or may not be covered in some future loss.

No. 25-cv-663

although the Keelys allege that the Agency made false representations regarding their policy, their home, and their premiums, they have failed to point to any losses *caused by the Agency's statements* rather than State Farm's failure to honor the policy that the Keelys requested and obtained. *Id.* at *4. It is "State Farm's allegedly improper refusal to honor [the policy], not the Agency's statement," that caused the Keelys' injuries. The Keelys do not have a viable claim against Mr. Merriman or the Agency.

For these reasons, and for all the reasons set forth in *Layer*, the Court concludes that the Keelys lack a colorable claim against Mr. Merriman and the Agency. The Court will therefore disregard those Defendants for purposes of determining jurisdiction. When Mr. Merriman and the Agency are excluded from consideration, there is complete diversity between Plaintiffs and State Farm, the sole remaining defendant. Jurisdiction over Plaintiffs' claims is therefore proper under 28 U.S.C. § 1332, and Plaintiffs' motion to remand [Dkt. 22] is denied.

DATED this 15th day of June 2026.

JOHN D. RUSSELL
*United States District Judge*

5